UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: MIGDALIA ESPINET | CASE NO: 19-02874 |
|---|---|
| | **DECLARATION OF MAILING CERTIFICATE OF SERVICE** |
| | Chapter: 13 |

On 4/1/2020, I did cause a copy of the following documents, described below,

Espinet Plan 2 w Notice sm

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R. Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 4/1/2020

/s/ Mark E. Moulton, Esq
Mark E. Moulton, Esq  89064
Moulton & Moulton, PC me2
693 Route 739
Hawley, PA  18428
570 775 9525

Case 5:19-bk-02874-RNO    Doc 49    Filed 04/01/20    Entered 04/01/20 15:12:32    Desc
Main Document      Page 1 of 6

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: MIGDALIA ESPINET | CASE NO: 19-02874 |
| | **CERTIFICATE OF SERVICE** |
| | **DECLARATION OF MAILING** |
| | Chapter: 13 |

On 4/1/2020, a copy of the following documents, described below,

Espinet Plan 2 w Notice sm

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 4/1/2020

Jay S. Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Mark E. Moulton, Esq
Moulton & Moulton, PC me2
693 Route 739
Hawley, PA 18428

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

| CASE INFO<br>LABEL MATRIX FOR LOCAL NOTICING<br>03145<br>CASE 5-19-BK-02874-RNO<br>MIDDLE DISTRICT OF PENNSYLVANIA<br>WILKES-BARRE<br>WED APR 1 13-46-15 EDT 2020 | C DICOVSKY MEDICAL GROUP LLC<br>681 BROADWAY<br>PATERSON NJ 07514-1421 | CAPITAL ONE BANK USA NA<br>BY AMERICAN INFOSOURCE AS AGENT<br>PO BOX 71083<br>CHARLOTTE NC 28272-1083 |
|---|---|---|
| CITIBANK SD<br>701 EAST 60TH STREET NORTH<br>SIOUX FALLS SD 57104-0493 | COMMERCIAL ACCEPTANCE COMP<br>2300 GETTYSBURG RD STE 102<br>CAMP HILL PA 17011-7303 | CREDIT ONE BANK NA<br>585 PILOT ROAD<br>LAS VEGAS NV 89119-3619 |
| CHARLES J DEHART III TRUSTEE<br>8125 ADAMS DRIVE SUITE A<br>HUMMELSTOWN PA 17036-8625 | DELL FINANCIAL SERVICES<br>P O BOX 81577<br>AUSTIN TX 78708-1577 | DEBTOR<br>MIGDALIA ESPINET<br>137 MARIA LANE<br>DINGMANS FERRY PA 18328-3088 |
| FIRST FINANCIAL INVESTMENT FUND<br>HOLDINGS LL<br>JEFFERSON CAPITAL SYSTEMS LLC ASSIGNEE<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999 | HSBC BANK<br>ATTN BANKRUPTCY DEPT<br>PO BOX 4215<br>BUFFALO NY 14240-4215 | HOME DEPOT<br>ATTN LEGAL<br>2455 PACES FERRY RD<br>ATLANTA GA 30339-6444 |
| LAUREN BERSCHLER KARL<br>PO BOX 305<br>INGOMAR PA 15127-0305 | LVNV FUNDING LLC<br>RESURGENT CAPITAL SERVICES<br>PO BOX 10587<br>GREENVILLE SC 29603-0587 | LIBERTY CAREER FINANCE<br>PO BOX 8099<br>NEWARK DE 19714-8099 |
| MERRICK BANK<br>RESURGENT CAPITAL SERVICES<br>PO BOX 10368<br>GREENVILLE SC 29603-0368 | MARCEL LAKE ESTATES POA<br>103 LAKE DR<br>DINGMANS FERRY PA 18328-3127 | MERCURY<br>CARD SERVICES<br>PO BOX 70168<br>PHILADELPHIA PA 19176-0168 |
| MERRICK BANK<br>PO BOX 660702<br>DALLAS TX 75266-0702 | MIDLAND CREDIT MANAGEMENT<br>8875 AERO DRIVE<br>STE 200<br>SAN DIEGO CA 92123-2255 | MARK E MOULTON<br>MOULTON AND MOULTON PC<br>693 STATE ROUTE 739 SUITE 1<br>LORDS VALLEY PA 18428-6083 |
| MR COOPER<br>9850 CYPRESS WATERS BLVD<br>COPPELL TX 75019 | PRA RECEIVABLES MANAGEMENT LLC<br>PO BOX 41021<br>NORFOLK VA 23541-1021 | PENNSYLVANIA DEPARTMENT OF REVENUE<br>BANKRUPTCY DIVISION PO BOX 280946<br>HARRISBURG PA 17128-0946 |
| PINK BREAST CENTER<br>680 BROADWAY STE 111<br>PATERSON NJ 07514-1526 | PLAINTS TWP AMBULANCE<br>PO BOX 207<br>ALLENTOWN PA 18105-0207 | PLEASANTDALE AMBULATORY CARE<br>61 MAIN STREETSTE D<br>WEST ORANGE NJ 07052-5353 |

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

| | | |
|---|---|---|
| PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | REPAIRCLINIC<br>48600 MICHIGAN AVE<br>CANTON MI 48188-2240 | SPS<br>PO BOX 65250<br>SALT LAKE CITY UT 84165-0250 |
| SYNCHRONY BANK<br>P O BOX 965004<br>ORLANDO FL 32896-5004 | SYNCHRONY BANK<br>CO PRA RECEIVABLES MANAGEMENT LLC<br>PO BOX 41021<br>NORFOLK VA 23541-1021 | TJX REWARDSGEMB<br>PO BOX 530948<br>ATLANTA GA 30353-0948 |
| TOYOTA FINANCIAL SERVICES<br>1 CITIZENS BANK WAY<br>JOHNSTON RI 02919-1922 | TOYOTA FINANCIAL SERVICES<br>BANKRUPTCY DEPARTMENT PO BOX 5855<br>5505 N CUMBERLAND AVE SUITE 307<br>CHICAGO IL 60656-4761 | TOYOTA MOTOR CREDIT CORPORATION<br>PO BOX 9013<br>ADDISON TX 75001-9013 |
| US BANK NATIONAL ASSOCIATION<br>ATTN BANKRUPTCY DEPT<br>PO BOX 619096<br>DALLAS TX 75261-9096 | US BANK NATIONAL ASSOCIATION<br>CO RAS CRANE LLC<br>10700 ABBOTTS BRIDGE ROAD SUITE 170<br>DULUTH GA 30097-8461 | US BANK NATIONAL ASSOCIATION AS TRUSTEE F<br>RAS CRANE LLC<br>10700 ABBOTTS BRIDGE ROAD SUITE 170<br>DULUTH GA 30097-8461 |
| ~~EXCLUDE~~<br>~~UNITED STATES TRUSTEE~~<br>~~228 WALNUT STREET SUITE 1190~~<br>~~HARRISBURG PA 17101-1722~~ | VERIZON<br>BY AMERICAN INFOSOURCE AS AGENT<br>PO BOX 4457<br>HOUSTON TX 77210-4457 | JAMES WARMBRODT<br>701 MARKET STREET SUITE 5000<br>PHILADEPHIA PA 19106-1541 |

Rev. 02/22/19

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

In Re:

Migdalia Espinet

Chapter: 13

Case No.: 5:19--bk--02874

Debtor(s)

### NOTICE

The confirmation hearing on the 2nd Amended Plan ("Plan") has been scheduled for the Debtor(s) at the following date, time, and location:

Date: 05/06/2020   Time: 09:30

Location: 197 S Main St, Courtroom #2, Max Rosenn US Courthouse, Wilkes-Barre, PA 18701

The deadline for filing objections to confirmation of the Plan is: 04/29/2020.

**For cases before the Hon. Robert N. Opel, II (indicated in the Case No. with the initials "RNO" respectively):**

Any objections to confirmation of the Plan will be heard at the above-scheduled confirmation hearing. Counsel should be prepared to proceed on any unresolved objections to the Plan at this time.

**For cases before the Hon. Henry W. Van Eck (indicated in the Case No. with the initials "HWV"):**

Evidentiary hearings will not be conducted at the time of the confirmation hearing. If it is determined at the confirmation hearing that an evidentiary hearing is required, an evidentiary hearing will be scheduled for a future date.

A copy of the Plan is enclosed with this Notice. A copy may also be obtained from the case docket through PACER or from the Bankruptcy Clerk's Office.

Requests to participate in a hearing telephonically shall be made in accordance with Local Bankruptcy Rule 9074-1(a).

Date: 04/01/2020   Filed by: Mark E. Moulton, Esquire

---

Rev 12/01/18

**LOCAL BANKRUPTCY FORM 3015-1**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

IN RE:
Migdalia Espinet   CHAPTER: 13
                   CASE NO. 5:19—bk--02874

Debtor(s)
- ORIGINAL PLAN
- 2nd AMENDED PLAN (indicate #)
- 1 Number of Motions to Avoid Liens
- 0 Number of Motions to Value Collateral

### CHAPTER 13 PLAN

**NOTICES**

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | X Included | ☐ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | X Included | ☐ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase- money security interest, set out in § 2.G | ☐ Included | X Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1

---

Rev 12/01/18

**1. PLAN FUNDING AND LENGTH OF PLAN.**

**A. Plan Payments From Future Income**

1. To date, the Debtor paid $ 1,478.40 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ 12,494.63 plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 08/19 | 12/19 | 184.80 | -0- | 184.80 | 924.00 |
| 01/20 | 06/20 | 153.74 | -0- | 153.74 | 922.44 |
| 07/20 | 07/24 | 217.31 | -0- | 217.31 | 10,648.19 |
| | | | | Total Payments: | $ 12,494.63 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. Check One:
   ☐ Debtor is at or under median income.
   *If this is checked, the rest of § 1.A.4 need not be completed or reproduced.*
   X Debtor is over median income. Debtor estimates that a minimum of $ -0- must be paid to allowed unsecured creditors in order to comply with the Means Test.

**B. Additional Plan Funding From Liquidation of Assets/Other**

5. The Debtor estimates that the liquidation value of this estate is $ Enter text here. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.) *Check One:*
   ☑ No assets will be liquidated.

**2. SECURED CLAIMS.**

**A. Pre-Confirmation Distributions.** *Check One:*
   ☑ None.

2

---

**B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check One:*
   ☐ None.
   *If this is checked, the rest of § 2.B need not be completed or reproduced.*
   X Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Mr. Cooper | 137 Maria Lane | 6678 |
| Toyota Motor Credit | 2014 Rav 4 | 0369 |
| Toyota Motor Credit | 2017 Camry | 6210 |

**C. Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check One:*
   ☐ None.
   *If this is checked, the rest of § 2.C need not be completed or reproduced.*
   X The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Toyota Motor Credit | 2014 Rav 4 | 2,685.35 | 2,106.16 | 4,791.51 |
| Toyota Motor Credit | 2017 Camry | 2,158.11 | 1,064.62 | 3,222.73 |

**D. Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)** *Check One:*
   ☑ None.

**E. Secured claims for which a § 506 valuation is applicable.** *Check One:*
   ☐ None.
   *If this is checked, the rest of § 2.E need not be completed or reproduced.*

3

X Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| PNP Management Servs LLC/ ABS REO Trust | 137 Maria Lane, Dingmans Ferry 2nd Mortgage | NO VALUE | -0- | -0- | PLAN |

F. **Surrender of Collateral**. *Check One:*
   ☒ None.

G. **Lien Avoidance**. *Do not use for mortgages or for statutory liens, such as tax liens*. Check One:
   ☒ None.

3. **PRIORITY CLAIMS.**
   A. **Administrative Claims**
   1. **Trustee's Fees**. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.
   2. **Attorney's fees**. Complete only one of the following options:
      a. In addition to the retainer of $ 350.00 already paid by the Debtor, the amount of $1,800.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or
      b. $ Enter text here per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).
   3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one:*
      ☒ None.

B. **Priority Claims (including certain Domestic Support Obligations).**
   Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| MLE POA | 950.00 |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)**. *Check one:*
   ☒ None.

4. **UNSECURED CLAIMS.**
   A. **Claims of Unsecured Nonpriority Creditors Specially Classified**. *Check one:*
      ☒ None.
   B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one:*
   ☒ None.

6. **VESTING OF PROPERTY OF THE ESTATE.**
   **Property of the estate will vest in the Debtor upon**
   *Check the applicable line:*
   X plan confirmation.
   ☐ entry of discharge.
   ☐ closing of case.

7. **DISCHARGE:** *(Check one)*
   X The debtor will seek a discharge pursuant to § 1328(a).
   ☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**
   If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.
   Payments from the plan will be made by the Trustee in the following order:

4

Level 1: Enter text here
Level 2: Enter text here
Level 3: Enter text here
Level 4: Enter text here
Level 5: Enter text here
Level 6: Enter text here
Level 7: Enter text here
Level 8: Enter text here

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

9. **NONSTANDARD PLAN PROVISIONS.**
Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

   A. This Chapter 13 Plan ("this Plan") provides a distribution chart in Section 8 above that provides estimated distributions to classes of creditors and the estimated Trustee commission rate utilized in the calculations, in addition to all information indicated by the Model Plan.
   B. The **second lien** position mortgage of **Select Portfolio Serving Inc**, its successors, predecessors and assigns, hereinafter referred to as "Lender", is being avoided via this Plan.
      1. Confirmation of this Plan shall constitute a finding that for purposes of this bankruptcy case and all matters relevant thereto the value of the real property known as **137 Maria Lane, PA 18328; Marcel Lake Estates POA, Dingmans Ferry, Pike County, PA**, and the Deed for this property having been recorded with the Recorder of Deeds in and for **Pike County,** Pennsylvania at **Pike County Deed Book Volume 1881, Page 658**, hereinafter referred to as the "Property", is **$125,000.00**. Documentation verifying this value

6

is or will be filed of record with this Court.
      2. Upon confirmation of the Chapter 13 Plan in companion case No 19-bk-2045, the claim of ABS REO Trust c/o Select portfolio Servicing, Inc.'s will be bifurcated and paid as set forth in that plan.
      3. Any remaining balance owed to Lender shall be deemed a general unsecured claim without further Order of this Court, provided that:
         (a) The avoidance of Lender's junior lien is contingent upon the Companion Debtor's completion of the Chapter 13 Plan and receipt of a Final Decree after completion of all Plan Payments.
         (b) Lender shall retain its lien for the full amount due under the subject loan should the property be sold or should a refinance take place prior to the completion of the Chapter 13 Plan and entry of a Final Decree.
         (c) Lender shall retain its lien for the full amount due under the subject loan in the event of either the dismissal of the Debtor's Chapter 13 case or the conversion of the case to another Chapter under the United States Bankruptcy Code.
         (d) In the event that any entity, including the holder of the first lien on the Property, forecloses on its security interest and extinguishes Lender's lien prior to the Debtor's completion of the Chapter 13 Plan, Lender's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the subject loan balance at the time of the sale.
      4. In the event of default by Co-Mortgagor (bk case 19—bk—02045), and if 10 days after receiving Notice of Intent to seek default from Select Portfolio Serving Inc the default has not been cured or suitable arrangements with Select Portfolio Servicing Inc. made to resolve the default, Select Portfolio Serving Inc's claim on the property will be unaffected by Co-Mortgagor's bk case (5-19-02045-RNO).
      5. The Confirmation Order and Final Decree may be filed with the Recorder of Deeds in and for **Pike County**, Pennsylvania, which shall satisfy and avoid the mortgage held by Lender against the Property, as recorded at **Pike County Record Book Volume 2029, Page 601; assigned on February 22, 2016 and recorded at Pike County Record Book Volume 2489, Page 1683**.

Dated: April 1, 2020                     s/Mark E. Moulton
                                         Attorney for Debtor

                                         s/Migdalia Espinet
                                         Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

5

7